WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan E. Cheney, | CIV 15-8037-PCT-SPL (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| David Green, et al., | |
| Respondents. | |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT:

Petitioner Jonathan E. Cheney, who is confined in the Arizona State Prison Complex, filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7). Respondents filed an Answer (Doc. 17), and Petitioner filed a Reply (Doc. 18).

### BACKGROUND[1]

On March 9, 1998, Petitioner pled guilty to child molestation. (Exh. A.) On July 15, 1998, the trial court sentenced Petitioner to 17 years' imprisonment. (Exh. B.) On the same day, Petitioner filed a pleading entitled "Notice of Intent to Pursue Post-Conviction Relief." (Exh. C at 1.) There is no indication in the state-court record Petitioner filed a pleading supporting this notice. (Id.) There is also no indication in the state-court record the trial court took action on this notice.

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 17 – Respondents' Answer.

On October 9, 1998, Petitioner seemingly attempted to again initiate post-conviction proceedings by filing a pleading entitled "Notice of Intent to Pursue Rule 32 Relief." (Exh. N.) As with the first notice, nothing in the state-court record indicates either that Petitioner filed a substantive pleading supporting this notice, or that the trial court ever took action on it.

On April 9, 2004, Petitioner filed another notice of post-conviction relief. (Exhs. D, E.) The trial court summarily dismissed the notice because it was untimely under state law. (Exh. E.) Petitioner did not seek review of this decision by any court. (Exh. C at 1; Doc. 7 at 5.)

On September 28, 2007, Petitioner initiated another round of post-conviction proceedings. (Exh. F.) After Petitioner's court-appointed attorney could find no colorable issues to raise (Exh. G), Petitioner filed a *pro se* petition for post-conviction relief, arguing the State had violated the plea agreement because he had not been transferred out of Arizona to serve his prison sentence, despite that the plea agreement specifically provided for this. (Exh. H.) After the State filed a response (Exh. I), and Petitioner file a reply (Exh. J), on March 11, 2008, the trial court dismissed the petition, finding: 1) it was untimely under state law; 2) even if not untimely, the claim it presented was precluded under state law because Petitioner could have raised it in earlier proceedings; and 3) even if not untimely and precluded, the court did not have jurisdiction to entertain the claim. (Exh. C.) Petitioner did not seek review of this decision by any court. (Doc. 7 at 5.)

On December 8, 2014, Petitioner initiated another round of post-conviction proceedings. (Exh. K.) Petitioner argued he would not have signed the plea agreement had he known he would be subject to community supervision after his release from prison. (Exh. L.) On January 14, 2015, the trial court summarily denied the petition, finding Petitioner was advised of the community supervision requirement both at the change-of-plea hearing and in the sentencing order. (Exh. M.) Petitioner moved for reconsideration of this decision. (Exh. O.) On March 4, 2015, the trial court denied the motion for reconsideration because

1  it was untimely, and because it "set[] forth no claim upon which relief could be granted."
2  (Exh. P.) Petitioner did not seek review of this decision by any court. (Doc. 7 at 5.)

3  On March 19, 2015, Petitioner filed a habeas petition with this Court. (Doc. 1.)
4  However, because Petitioner did not name the correct Respondent, and because Petitioner's
5  accompanying Application to Proceed *in Forma Pauperis* was incomplete, on April 8, 2015,
6  this Court dismissed the Petition without prejudice to allow Petitioner to correct these
7  deficiencies. (Doc. 6.)

8  Petitioner thereafter filed an Amended Petition and a completed Application to
9  Proceed *in Forma Pauperis* on April 16, 2015. (Docs. 7, 8.) In his Amended Petition,
10 Petitioner raises one ground for relief, arguing that he was unlawfully subjected to a 2.5-year
11 term of community supervision, in violation of his plea agreement.

## DISCUSSION

13 In their Answer, Respondents contends that Petitioner's habeas petition is untimely
14 and, as such, must be denied and dismissed.

15 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
16 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
17 See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

27 An "of-right" petition for post-conviction review under Arizona Rule of Criminal
28 Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct

- 3 -

1  review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d
2  710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the
3  conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
4  such review. See id.

5       Additionally, "[t]he time during which a properly filed application for State post-
6  conviction or other collateral review with respect to the pertinent judgment or claim is
7  pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott
8  v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending
9  after it is filed with a state court, but before that court grants or denies the petition." Chavis
10 v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however,
11 within the state's required time limit is not "properly filed" and, therefore, the petitioner is
12 not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When
13 a postconviction petition is untimely under state law, 'that [is] the end of the matter' for
14 purposes of § 2244(d)(2)." Id. at 414.

15      In Arizona, post-conviction review is pending once a notice of post-conviction relief
16 is filed even though the petition is not filed until later. See Isley v. Arizona Department of
17 Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
18 is also pending during the intervals between a lower court decision and a review by a higher
19 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536
20 U.S. 214, 223 (2002)). However, the time between a first and second application for post-
21 conviction relief is not tolled because no application is "pending" during that period. See id.
22 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
23 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
24 820, 823 (9th Cir. 2003).

25      The statute of limitations under the AEDPA is subject to equitable tolling in
26 appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for
27 equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights
28

1 diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Amended Petition for Writ of Habeas Corpus is untimely. On July 15, 1998, the trial court sentenced Petitioner under the plea agreement to 17 years' imprisonment. By pleading guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Petitioner filed a notice of post-conviction relief on July 15, 1998, thereby tolling the limitations period on that date. See Isley, 383 F.3d at 1055-56 (in Arizona, filing a notice of post-conviction proceedings begins tolling under AEDPA). There is no indication in the state-court record that Petitioner filed a substantive pleading supporting this notice, or that the trial court took any action on the notice. Petitioner filed another notice of post-conviction relief on October 9, 1998, but as with the first notice, nothing indicates Petitioner filed a substantive pleading supporting it, or that the trial court took any action on it. Petitioner thereafter filed a third notice of post-conviction proceedings on April 9, 2004. On May 12, 2004, the trial court summarily dismissed this notice as untimely. Petitioner did not seek review of that decision.

Because Petitioner had initiated post-conviction proceedings on July 15, 1998, and the trial court issued no ruling as a result, the AEDPA's time limit was arguably tolled during the interim—i.e., between July 15, 1998, the date of the first notice, and April 9, 2004, the date of the third notice. Because the trial court ruled that the third notice of post-conviction relief was untimely, it was not "properly filed" and did not toll the limitations period. See Pace, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); see also Allen v. Siebert, 552 U.S. 3, 7 (2007) (untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period). Thus, the limitations period commenced on April 9, 2004, was not tolled and expired one year later, on April 11, 2005.[2]

---

[2] April 9, 2005, fell on a Saturday.

- 5 -

1      Additionally, Petitioner's subsequent state court proceedings initiated on September
2 28, 2007 and December 8, 2014, did not toll the limitations period. These pleadings were
3 filed after the statute of limitations ended and could not restart the expired 1-year limitations
4 period. See Ferguson, 321 F.3d at 823; see also Pace, 544 U.S. at 414.

5      In sum, Petitioner filed the instant habeas petition more than nine years after the
6 1-year limitations period expired. The Petition is therefore untimely.

7      The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
8 tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
9 States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
10 grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
11 Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
12 make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,
13 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
14 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When
15 external forces, rather than a petitioner's lack of diligence, account for the failure to file a
16 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
17 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
18 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
19 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
20 establish a "causal connection" between the extraordinary circumstance and his failure to file
21 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
22 2007).

23      Petitioner fails to assert any reason for the untimeliness of his habeas petition, and
24 therefore demonstrates no entitlement to equitable tolling. And, Petitioner's *pro se* status,
25 indigence, limited legal resources, ignorance of the law, or lack of representation during the
26 applicable filing period do not constitute extraordinary circumstances justifying equitable
27 tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se*
28

1 petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
2 warranting equitable tolling.").

3 Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is
4 untimely.

## CONCLUSION

6 Having determined that Petitioner's habeas petition is untimely, the Court will
7 recommend that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 7) be denied
8 and dismissed with prejudice.

9 **IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for
10 Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DENIED** and
11 **DISMISSED WITH PREJUDICE**;

12 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
13 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
14 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
15 debatable.

16 This recommendation is not an order that is immediately appealable to the Ninth
17 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18 Appellate Procedure, should not be filed until entry of the district court's judgment. The
19 parties shall have fourteen days from the date of service of a copy of this recommendation
20 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
21 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
22 days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of
23 Civil Procedure for the United States District Court for the District of Arizona, objections
24 to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure
25 timely to file objections to the Magistrate Judge's Report and Recommendation may result
26 in the acceptance of the Report and Recommendation by the district court without further
27 review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure
28 timely to file objections to any factual determinations of the Magistrate Judge will be

- 7 -

considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of September, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge